**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **T.W.-1**

**No. 18-0060** (Randolph County 2017-JA-051)

## MEMORANDUM DECISION

Petitioner Mother T.W.-2, by counsel J. Brent Easton, appeals the Circuit Court of Randolph County's December 15, 2017, order terminating her parental rights to T.W.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), G. Phillip Davis, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the initiation of the instant proceedings, petitioner had a history of involvement in abuse and neglect proceedings. Petitioner was adjudicated of abuse and neglect due to her substance abuse in 2009, but ultimately completed an improvement period and the petition against her was dismissed. Petitioner was the subject of a second abuse and neglect proceeding initiated in 2016, wherein her parental rights to four older children were ultimately involuntarily

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because the child and petitioner share the same initials, we will refer to them as T.W.-1 and T.W.-2, respectively, throughout this memorandum decision.

terminated due to her failure to correct the conditions of abuse, including substance abuse and failing to provide the children with a stable home, food, clothing, and other necessities.[2]

In June of 2017, a mere six days after her parental rights to her four older children were involuntarily terminated, petitioner gave birth to T.W.-1, the only child at issue in this appeal. Shortly thereafter, the DHHR filed the instant abuse and neglect petition against petitioner, alleging that she tested positive for amphetamines, methamphetamine, and marijuana at the child's birth. The DHHR alleged that petitioner denied abusing the drugs and blamed the positive test results on over-the-counter medications. The DHHR further alleged that petitioner had a history of child abuse and neglect, that aggravated circumstances existed because petitioner's parental rights to four older children were involuntarily terminated, and that no change in circumstances occurred since the prior proceeding.

The circuit court held an adjudicatory hearing in August of 2017. Petitioner stipulated to the allegations contained in the petition and requested a post-adjudicatory improvement period. The circuit court accepted petitioner's stipulation, adjudicated her as an abusing parent, and held her motion in abeyance until the dispositional hearing.

In December of 2017, the circuit court held a dispositional hearing wherein it took judicial notice of the prior abuse and neglect proceedings and the testimony and evidence presented at the prior hearings in the instant matter. The DHHR also requested that the circuit court take judicial notice that it had ordered petitioner to submit to a drug screen following the adjudicatory hearing and that she failed to do so. Petitioner testified as to her willingness to participate in an improvement period and stated that she would comply with any services ordered. However, petitioner continued to blame her positive drug screen at the child's birth on over-the-counter medications. After hearing evidence, the circuit court found that petitioner failed to demonstrate that she was likely to participate in an improvement period, made no efforts to address her substance abuse issues or other conditions of abuse since the prior termination of parental rights, and was unable to provide for the child's needs. Finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse in the near future and that termination was necessary for the child's welfare, the circuit court denied petitioner's motion for a post-adjudicatory improvement period and terminated her parental rights. It is from the December 15, 2017, dispositional order that petitioner appeals.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the

[2]Petitioner appealed the termination of her parental rights to the four older children and this Court affirmed the circuit court's order by memorandum decision. *See In re: CW., R.W., N.W., and F.B.*, No. 17-0718, 2017 WL 5953092 (W.Va. Dec. 1, 2017)(memorandum decision).

[3]The father's parental rights were also terminated during the proceedings below. The child was placed with a relative and the permanency plan is adoption by the relative.

facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

In her brief on appeal, petitioner states that the circuit court erred in terminating her parental rights without first granting her an improvement period. However, she cites to no authority requiring circuit courts to grant parents improvement periods before terminating their parental rights. In fact, petitioner concedes that this Court has held that "courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . ." Syl. Pt. 4, in part, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011)(quoting Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)). Accordingly, we find no error in this regard.

Moreover, petitioner has failed to present evidence that the circuit court erred in denying her an improvement period. The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . .'" *In re Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

While it is true that petitioner testified to her willingness to participate in the terms and conditions of a post-adjudicatory improvement period, the overwhelming evidence supported the circuit court's denial of an improvement period. This is especially true in light of the fact that petitioner tested positive for several drugs at the child's birth, only six days after having her parental rights to her older children involuntarily terminated due, in part, to her substance abuse. In addition to these aggravated circumstances, petitioner continued to deny that she had a substance abuse issue, testifying at the dispositional hearing that her positive drug screen was a result of taking over-the-counter medication. We have held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the

perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *Charity H.*, 215 W.Va. at 217, 599 S.E.2d at 640). Moreover, petitioner was ordered to provide a drug screen following her adjudicatory hearing, but refused to do so. In light of the aggravated circumstances of this case and petitioner's continued failure to acknowledge or address the conditions of abuse, we find no abuse of discretion in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 15, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker